## JOSÉ ANTONIO FERNANDEZ Y PEREZ

*v.*

## JOSÉ PEREZ Y FERNANDEZ ET AL.

---

Mayaguez, No. 184.

When his authority in that regard is questioned, an attorney will not be allowed to appear and represent nonresident defendants unless authorized to that effect in a manner satisfactory to the court.

Opinion filed April 14, 1908, as of April 11, 1908.

---

*Mr. F. L. Cornwell* and *Mr. N. B. K. Pettingill* for José Antonio Fernandez y Perez.

Fernandez y Perez v. Perez y Fernandez.

*Mr. T. D. Mott, Jr.,* for José Perez y Fernandez et al.

RODEY, Judge, delivered the following opinion:

The court took this matter under advisement yesterday on the issue raised by the efforts of T. D. Mott, Jr., claiming to represent the defendants José Perez y Fernandez and Victor Ochoa y Perez, who are in Spain, to appear and move, under 18 Stat. at L. 472, chap. 137, to set aside the decree heretofore entered in the cause, and prevent the sale from taking place of the property levied upon, on Monday next. His right to appear at all is opposed by counsel for the complainant in the suit, and therefore the court ordered a hearing.

The showing made by Mr. Mott at the hearing as to his right to appear at all, we are constrained to regard as wholly insufficient, as the facts shown do not, in law or at all, authorize him to appear. We have examined the authorities submitted by both sides on the matter, and have examined 'the record in the case, and we can see no authority in law for Mr. Mott appearing. His right to appear is therefore denied.

We might state, in this connection, that, from our examination of the record, we regard it as one where the facts are so peculiar as that these defendants are entitled to no leniency from the court. The case of Perez v. Fernandez, 202 U. S. 84, 50 L. ed. 942, 26 Sup. Ct. Rep. 561, was reversed by the Supreme Court, and the main defendant, now seeking to appear, was thereafter by this court, under the mandate of the Supreme Court, ordered to return to the complainant a large amount of money, something over $10,000, which is now increased with interest, etc. We are satisfied from the record that all of these

defendants now residing in Spain have known all about this present suit, No. 184, from the time it was instituted in an endeavor to recover the money referred to, which the respondent José Perez y Fernandez failed to pay back in compliance with the order of restitution made September 18, 1906 (San Juan Journal, p. 440), after the mandate of the Supreme Court of the United States to this court.

We are satisfied that all their efforts have been to avoid the process of the court, and that there is no merit in their effort to come in and defend; but, if they are, in good faith, so trying to come in and defend, they have not as yet properly authorized Mr. Mott to appear for them, and his right to appear is therefore denied, and the court will not, at least, on the showing already made, interfere to prevent the sale from proceeding.